UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0254-B |
| | § | |
| LUIS DE LA GARZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Luis de la Garza's Motion for Compassionate Release (Doc. 65). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After de la Garza pleaded guilty to five counts of bank robbery, the Court sentenced him to 240 months of imprisonment and two years of supervised release. Doc. 53, J., 1–3. De la Garza, who is now sixty-eight years old, is serving his sentence at Seagoville Federal Correctional Institute ("Seagoville FCI"). His scheduled release date is August 1, 2030.[1] On May 19, 2022, de la Garza filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 65, Mot. The Court reviews de la Garza's motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed May 20, 2022).

-1-

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

De la Garza's motion is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[2]

De la Garza avers that "he has met the obligations set forth under the FIRST STEP ACT and the CARES ACT in relation to exhaustion of the administrative remedy process which requires notification and response only as far as the level of Institution Executive Office (Warden) [and]

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[t]hat . . . such response was respectfully submitted for consideration by the Warden's Compassionate Release Review Committee, and such request was unsuccessful . . . thus establishing grounds to proceed to Court." Doc. 65, Mot., ¶ 4. However, he has not provided proof of the warden's receipt of his request and the date of the request/receipt by the warden. *See id.* at 39 (Exhibit "WARDEN REQUEST MEMO AND 30-DAY RESPONSE" page left blank and no such documentation provided). Without such evidence, de la Garza has not proven that he complied with the exhaustion requirement, and the Court therefore **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

## IV.

## CONCLUSION

De la Garza's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies. Therefore, the Court **DENIES** his motion (Doc. 65) **WITHOUT PREJUDICE**. By denying the motion without prejudice, the Court permits de la Garza to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: May 20, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE