UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0254-B |
| | § | |
| LUIS DE LA GARZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Luis de la Garza's Second Motion for Compassionate Release (Doc. 69). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After de la Garza pleaded guilty to five counts of bank robbery, the Court sentenced him to 240 months of imprisonment and two years of supervised release. Doc. 53, J., 1–3. De la Garza, who is now sixty-eight years old, is serving his sentence at Seagoville Federal Correctional Institute ("Seagoville FCI"). His scheduled release date is August 1, 2030.[1] On May 19, 2022, de la Garza filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 65, Mot. The Court denied de la Garza's motion because he had not satisfied the exhaustion requirement. Doc. 66, Mem. Op. & Order, 2. On July 21, 2022, de la Garza filed his second motion for compassionate

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed October 13, 2022).

release under 18 U.S.C. § 3582(c)(1)(A). Doc. 69, Mot. The Court directed de la Garza to file "proof that the Warden has received his request for compassionate release." Doc. 70, Mem. Op. & Order. De la Garza did so on August 29, 2022. Doc. 73, Supp. The Court then ordered the Government to file a response. Doc. 74, Order. The Government filed its Response on September 7, 2022. Doc. 78, Resp. De la Garza filed a Reply on October 25, 2022. Doc. 84, Reply. The Court considers de la Garza's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *De la Garza Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[2]

The Court denied de la Garza's first motion for compassionate release because he did "not provide[] proof of the warden's receipt of his request and the date of the request/receipt by the warden." *See* Doc. 66, Mem. Op. & Order, 3. In the supplement to his new motion, de la Garza attaches an email he sent to the warden—dated June 9, 2022—detailing his request for compassionate release. Doc. 72, Mot., 3. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of the defendant's facility." *See* § 3582(c)(1)(A). The Government does not contest this proof of exhaustion. Thus, de la Garza has demonstrated proof of exhaustion, and the Court turns to the merits of his motion.

B.      *De la Garza Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

De la Garza has not shown "extraordinary and compelling reasons" warranting compassionate release. *See id.* Section 3582(c)(1)(A)(I) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotations, and alterations omitted).

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

Considering de la Garza's motion in light of Section 1B1.13 and applying its discretion, the Court concludes that de la Garza has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

De la Garza argues that the continued threat of COVID-19 at Seagoville FCI, in light of his serious preexisting medical conditions, constitutes extraordinary and compelling circumstances that justify modification of his sentence. Doc. 69, Mot., 1. Specifically, de la Garza, who is sixty-eight

-4-

years old, suffers from "Insulin-dependent Diabetes, High Cholesterol, Hypertension (High Blood Pressure), Moderate Obesity, and [is] also a Cancer Survivor with a compromised immune system providing for extreme and severe vulnerability to COVID-19." *Id.* at 1, 5. De la Garza argues that, despite being vaccinated three times for COVID-19, the vaccine-resistance of the newest COVID-19 variant places him "at extreme risk of hospitalization and possible death upon exposure." *Id.* at 5.

Although de la Garza provides medical records substantiating many of his medical conditions, *see id.* at 27–38, he provides no argument or evidence as to the severity or manageability of these conditions. *See generally id.* While the Court does not discount the seriousness of de la Garza's conditions, the Court will not grant de la Garza compassionate release based purely off his diagnoses. Such a decision would constitute a generalized blanket pronouncement of "extraordinary and compelling" circumstances. Thus, the Court declines to make a blanket pronouncement that may concern the propriety of incarceration for all inmates with certain medical conditions. *See, e.g., United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) ("chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021) ("type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety") (alterations omitted).

Instead, the Court looks to whether there are extraordinary and compelling circumstances *specific to de la Garza*. This inquiry involves considering not only de la Garza's diagnoses, but also the severity of his medical conditions and his ability to manage his health while incarcerated. *See Isidaehomen*, 2021 WL 243458, at *3. De la Garza provides little information regarding his specific

circumstances beyond his diagnoses, and the Court does not independently find that his conditions are unmanageable or that they otherwise involve a degree of necessity and urgency such that compassionate release is warranted. *See United States v. McFadden*, 2020 WL 6531937, at *3–5 (E.D. Tex. June 25, 2020) (finding that although inmate suffered from prostate cancer which required surgical intervention, diabetes, high blood pressure, end-stage renal failure, and COVID-19 concerns, his medical conditions did not justify compassionate release).

Moreover, this Court cannot conclude that de la Garza's specific medical conditions, coupled with the risk of COVID-19 infection at Seagoville FCI, constitute extraordinary and compelling reasons for modification of his sentence. As de la Garza notes, he made the laudable decision to become vaccinated against COVID-19 and received three doses of the Moderna vaccine. Doc. 69, Mot., 5; Doc. 78, Resp., 13. And though de la Garza claims that he remains at risk for infection, the BOP currently reports only 20 active cases at Seagoville FCI out of 1,818 total inmates.[3] Given these statistics and de la Garza's vaccination status, the Court finds that de la Garza has not demonstrated the "extraordinary and compelling circumstances" needed for compassionate release.

Accordingly, and in its discretion, the Court **DENIES** de la Garza's motion **WITHOUT PREJUDICE**.

## IV.

## CONCLUSION

De la Garza's request for compassionate release under § 3582(c)(1)(A) fails because he has not shown extraordinary or compelling circumstances which merit his release. Therefore, the Court

---

[3] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed October 13, 2022).

**DENIES** his motion (Doc. 69) **WITHOUT PREJUDICE**. By denying the motion without prejudice, the Court permits de la Garza to file a subsequent motion for compassionate release in the event he can both (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: November 2, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE